McHUGH, Circuit Judge,
concurring:
I am pleased to join in the majority’s thorough and thoughtful Order and Judgment affirming Deandre’s convictions. I write separately to explain why I conclude the variance in this case did not prejudice Deandre’s right to a fair trial. As I described in my concurring and dissenting opinion in United States v. [Dejuan] Hill, 786 F.3d 1254 (10th Cir.2015) (McHugh, J. concurring and dissenting), the government’s decision to charge and try the defendants for participating in a global conspiracy for which there was insufficient evidence carried with it the risk of prejudicial spillover. But in Deandre’s case, the variance did not cause substantial prejudice. The government alleged Deandre participated in three of the seven robberies, including the Tulsa Credit Union robbery, which was the most violent of the seven.[1] As the majority explains, much of the gang evidence admitted was directly relevant to Deandre’s involvement in all three robberies. And even if the global conspiracy theory allowed the government to introduce some inflammatory evidence that had little relevance to Deandre, the overwhelming evidence of Deandre’s guilt with respect to the Barnes Pharmacy, Metro Pharmacy, and Tulsa Credit Union robberies makes it unlikely that the admission of this evidence improperly influenced the jury’s verdict. Therefore, I concur in the majority’s conclusion that the variance did not interfere with Deandre’s right to a fair trial.

. The other two robberies were of the Barnes Pharmacy and the Metro Pharmacy.